## Appeal of CANEY RIVER GAS CO.

No. 4512.   Opinion Filed January 26, 1915.

(146 Pac. 20.)

TAXATION—Assessment—Review by Court. Report of referee examined and confirmed, and judgment ordered accordingly.

(Syllabus by the Court.)

*Appeal from State Board of Equalization;*

*Charles Mitchrich, Referee.*

Appeal of the Caney River Gas Company from assessment of

the State Board of Equalization.    Report of referee confirmed, and judgment ordered accordingly.

*Flynn, Ames, Chambers, Lowe & Richardson,* for petitioner.

*Chas. West,* Atty. Gen., and *S. I. McElhoes,* Asst. Atty. Gen., for the State.

KANE, C. J.    This is an appeal by the Caney River Gas Company from the action of the State Board of Equalization in assessing its property for taxation for the year 1912.    After the appeal was lodged in this court, Charles Mitchrich, Esq., by agreement of counsel, was appointed referee, with directions to make findings of fact and conclusions of law.    The questions presented for determination are raised by the motion of the appellant to confirm the report of the referee and objections thereto filed by the Attorney General.

There are no definite rules for arriving at the value of property for purposes of taxation.    Our statute contains a general direction that property must be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale.    In such circumstances the tribunal charged with estimating the value of such property must do so according to its best judgment and with honest purpose.    To state in detail the many particulars in the mass of circumstances laying the basis of a rational judgment touching the value of corporate property for purposes of taxation would serve no useful purpose.    *In re Indian Territory Illuminating Oil Co.,* 43 Okla. 307, 142 Pac. 997.    In the instant case a referee, in whom the court has the utmost confidence, was appointed by agreement of counsel; and, as there is nothing before this court which indicates that the referee overlooked any of the particulars in the mass of circumstances laying the basis of a rational judgment touching the corporate property of the appellant herein, the court is not disposed to disturb his findings of fact or conclusions of law.    A referee is appointed to

make findings of fact and conclusions of law for the purpose of saving the court the time and, trouble of hearing the volume of evidence and weighing the same incident to this sort of an investigation; and unless, as in *Re Assessment of Western Union Telegraph Co.*, 35 Okla. 626, 130 Pac. 565, it appears that the referee entirely misapprehends the scope of the matter referred to him, the court will not re-examine the evidence or make new findings. To do so would but illy subserve the purpose of the reference. In the case before us the only objection made by the Attorney General is that the income of the company, as shown by the evidence, justifies a higher valuation of the appellant's property than that found by the referee. Whilst the value of corporate property for purposes of income and sale is an important particular in the mass of circumstances laying the basis of a rational judgment touching its value for purposes of taxation, and is entitled to consideration in investigations of this kind, it is not entirely controlling, nor is it entitled to equal weight in all classes of cases. An oil and gas company is not formed for the purpose of permanently using the property in which its capital is invested, but for the purpose of investing in property in which it will be gradually consumed in making profits. It seems to us that in determining the fair cash value of the property of such a corporation, tested by the price it would bring at a fair voluntary sale, the income of the company, as one of the particulars tending to establish value, ought to be weighed in connection with the richness of the field or source from which the oil and gas is produced, and the length of time it will probably continue as a profitmaking asset. Whilst it would not be proper to treat the entire net receipts of such a corporation as depreciation, upon the theory that it is merely engaged in converting its capital assets from one form into another, depletion of its mineral stock is a proper element to be considered. These, as well as many other particulars, which may be properly considered, probably led the referee to reach the conclusion that the element of income was not as important a factor in determin-

ing the value of the property of the corporation engaged in a wasting business as it would be in the case of a corporation formed for the purpose of permanently using the property in which its capital is invested. On the whole, we are satisfied that the referee charged with the duty of ascertaining the value of this property did so according to his best judgment and with honest purpose, and with a full understanding of the scope of the inquiry intrusted to him.

The report of the referee is therefore confirmed and judgment ordered accordingly.

All the Justices concur.